UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
NOEMI HERNANDEZ ON BEHALF OF HERSELF AND
ALL OTHERS SIMILARLY SITUATED,

                                Plaintiff,

            vs.

GILA LLC
D/B/A MUNICIPAL SERVICES BUREAU



                              Defendant.
------------------------------------------------------------------------X

NOTICE OF REMOVAL
OF ACTION PURSUANT
TO 28 U.S.C § 1441
[REMOVED FROM
NASSAU SUPREME
COURT INDEX NO.
609930-2016]

**PLEASE TAKE NOTICE THAT,** pursuant to 28 U.S.C. § 1441, Defendant, Gila LLC, d/b/a Municipal Services Bureau ( "Gila"), by its attorneys Stradley Ronon Stevens & Young, LLP, hereby removes this action from the Supreme Court of New York, Nassau County, to the United States District Court for the Eastern District of New York, as further described below:

## I.  PROCEDURAL HISTORY

1.     Plaintiff, Noemi Hernandez ("Plaintiff"), commenced this putative class action by purchasing an index number and filing a Summons with Notice in the Supreme Court of New York, Nassau County on or about December 18, 2016.   The Action is captioned *Noemi Hernandez on behalf of herself and all others similarly situated v. Gila LLC d/b/a Municipal Services Bureau,* Index No. 609930-2016 (the "State Court Action").  A true and correct copy of the Summons with Notice is attached as **Exhibit "A."**

2.     On March 17, 2017, a Summons with Notice Proof of Service was served on Gila.  A true and correct copy of the Summons with Notice Proof of Service is attached as **Exhibit "B."**

3.     The actual Summons with Notice was never served on Gila.  Rather, all Gila received was a Proof of Service form.

4.     On or about May 10, 2017, Gila, through its counsel, filed a Notice of Appearance and Demand for Complaint.  A true and correct copy of the Notice of Appearance and Demand for Complaint is attached as **Exhibit "C."**

5.     Plaintiff electronically filed the Complaint on May 30, 2017.  A true and correct copy of the Complaint is attached as **Exhibit "D."**

6.     Gila now removes the State Court Action to the United States District Court for the Eastern District of New York.

## II.     VENUE

7.     Venue is proper in this District pursuant to 28 U.S.C. § 1441(a) because the Supreme Court of New York for the County of Nassau is located within the United States District Court for the Eastern District of New York.

8.     Thus, Gila is removing the State Court Action to  the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## III.     FEDERAL QUESTION JURISDICTION

9.     This action is removable to this Court because it originally could have been filed in this Court pursuant to 28 U.S.C. § 1441(a).

10.     This Court has federal question jurisdiction based on Plaintiff's First, Second, Third, Fourth and Fifth Causes of Action, which purport to assert claims for violation of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692.  *See* **Exhibit "D."**

11.     Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States."

12.     For a suit to be one that arises under federal law so as to confer removal jurisdiction on the federal courts, "it must appear on the face of the complaint that the resolution of the case depends upon a federal question." *Brough v. United Steelworkers of America, AFL-CIO*, 437 F.2d 748, 749 (1st Cir.1971).

13.     Here, because Plaintiff's claims specifically involve an allegation that Defendant violated a Federal Statute – namely the FDCPA – this Court has removal jurisdiction. *See Brough*, 437 F.2d at 749.  The resolution of the Plaintiff's FDCPA claims raise questions of federal law.

14.     Thus, because this matter involves a federal question, removal is proper.

## IV.     REMOVAL IS TIMELY

15.     This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), because it is filed within thirty days after service of the Complaint upon Defendant through its counsel.

## V.     CONCLUSION

**WHEREFORE,** Defendant, Gila LLC d/b/a Municipal Services Bureau, respectfully requests to remove this action from the New York Supreme Court, County of Nassau to this Court pursuant to 28 U.S.C. § 1441.

Dated:  May 31, 2017          STRADLEY RONON STEVENS & YOUNG, LLP
        New York, NY                A Pennsylvania Limited Liability Company

                          By:  _____
                                Jacqueline M. Aiello (JMM4790)
                                100 Park Avenue, Suite 2000
                                New York, New York 10017
                                Telephone:  (212) 812-4124

Facsimile:   (646) 682-7180
jaiello@stradley.com
*Attorneys for Defendant,*
*Gila LLC d/b/a Municipal Services Bureau*

# 3245863

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

---

NOEMI HERNANDEZ,
ON BEHALF OF HERSELF AND ALL OTHERS
SIMILARLY SITUATED,

INDEX NO.
FILING DATE: 12/18/16

Plaintiff,

**SUMMONS**
**WITH NOTICE**

-against-

GILA LLC
D/BA MUNICIPAL SERVICES BUREAU,

Plaintiff designates
Nassau County
as the place of trial

Defendant.

The basis of the venue is
Plaintiff's residence

---

To the above named Defendant(s):

You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or if the complaint is not served with the summons, to serve a notice of appearance, on the plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if the summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the sum of $505,000.00 with interest thereon from the 18th day of December 2015, together with the costs of this action and attorney's fees.

TAKE NOTICE that the object of this action and the relief sought is to recover damages for violations of NY GBL 349 and violations of 15 USC 1692, et. seq. and that in case of your failure to answer, judgment will be taken against you for the sum of $505,000.00 with interest thereon from the 18th day of December 2015, together with the costs of this action and attorney's fees.

Dated:          December 18, 2016

/s/_____
Mitchell L. Pashkin, Attorney For Plaintiff
775 Park Avenue, Ste., 255, Huntington, NY  11743, (631) 335-1107

Index No.

NOEMI HERNANDEZ,
ON BEHALF OF HERSELF AND ALL OTHERS
SIMILIARLY SITUATED,

Plaintiff(s) ,

-vs-

GILA LLC
D/B/A MUNICIPAL SERVICES BUREAU,

Defendant(s) .

**SUMMONS WITH NOTICE**

Mitchell L. Pashkin certifies that, to the best of his knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of the annexed paper(s) or the contentions therein are not frivolous as defined in 22 NYCRR 130-1.1.(c).

/s/ _____

Mitchell L. Pashkin
Attorney For Plaintiff(s)
775 Park Avenue, Ste., 255
Huntington, NY 11743
(631) 335-1107

# **EXHIBIT B**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU


NOEMI HERNANDEZ,
ON BEHALF OF HERSELF AND ALL OTHERS
SIMILIARLY SITUATED,
                 Plaintiff,                  INDEX NO. 609930/2016


-against-


GILA LLC
D/B/A MUNICIPAL SERVICES BUREAU,
                 Defendant.


## SUMMONS WITH NOTICE PROOF OF SERVICE

Came to hand this the __13__ day of __APRIL__ , __2017__ , at __9:15__ o'clock __AM__ , and executed at __8325 TUSCANY WAY BLDG 4, AUSTIN, TX 78754__ within the county of __TRAVIS__ on the __13__ day of __APRIL__ , __2017__ , at __11:50__ o'clock __AM__ by delivering to the within named,

**GILA LLC D/B/A MUNICIPAL SERVICES BUREAU BY DELIVERING TO PHYLLIS ROE**

in person, a true copy of this SUMMONS and NOTICE REGARDING AVAILIBILITY OF ELECTRONIC SUPREME COURT CASES.

Further sayeth not.

I am a person not less than eighteen (18) years of age, have never been convicted of a felony or a crime of moral turpitude, and no charge of a felony or a crime of moral turpitude is pending against me. The facts stated herein are true and correct and are within my personal knowledge. I am not a party to or interested in the outcome of this case, and am authorized by law, by the Texas Supreme Court Judicial Branch Certification Commission or by written order of the Court to deliver citations and other notices, and am able to perform this delivery of process correctly pursuant to TRCP 106, 103, and 536.

My name is Nathan Dowd, my date of birth is December 25, 1947, and my address is 7500 Brookhollow Dr, Austin, TX 78752. I declare under penalty of perjury under the laws of the United States of America that the foregoing information is true and correct.

Executed in Travis County, TX on    __APRIL 13, 2017__
                      Date

Nathan Dowd, SCH-5323, Exp. 6/30/2018
7500 Brookhollow Dr, Austin, TX 78752
Declarant & TCPS Authorized Person
Texas Supreme Court Authorization

# <u>EXHIBIT C</u>

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NASSAU**

NOEMI HERNANDEZ,

ON BEHALF OF HERSELF AND ALL
OTHERS SIMILARLY SITUATED

        Plaintiff,

    -against-

GILA LLC
D/B/A MUNICIPAL SERVICES BUREAU,

        Defendant.

**NOTICE OF APPEARANCE**
**AND DEMAND FOR COMPLAINT**

Index Number: 609930-2016

 

**PLEASE TAKE NOTICE** that the undersigned counsel hereby appears on behalf of

Defendant, Gila LLC d/b/a Municipal Services Bureau, in the above-captioned action and

demands that you serve a copy of the Complaint and all notices and other papers in this action

upon the Defendant's counsel at the address stated below.

Dated:  May 10, 2017
       New York, New York

**STRADLEY RONON STEVENS**
**& YOUNG, LLP**

By: _____

Jacqueline Aiello
100 Park Avenue, Suite 2000
New York, New York 10017
Telephone:  (212) 812-4139
Facsimile:  (646) 682-7180
jaiello@stradley.com
*Attorneys for Defendant,*
*Gila LLC d/b/a Municipal Services Bureau*

# 3078932 v. 1

## CERTIFICATE OF SERVICE

I, Jacqueline Aiello, hereby certify that on May 10, 2017, a copy of the foregoing Notice

of Appearance and Demand for Complaint on behalf of Defendant, Gila LLC d/b/a Municipal

Services Bureau, was filed electronically and served by mail on anyone unable to accept

electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the

court's electronic filing system or by mail to anyone unable to accept electronic filing as

indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's

NYSCEF System.

Dated:  May 10, 2017
        New York, New York

**STRADLEY RONON STEVENS
& YOUNG, LLP**

By: _____
    Jacqueline Aiello
    100 Park Avenue, Suite 2000
    New York, New York 10017
    Telephone:  (212) 812-4139
    Facsimile:  (646) 682-7180
    jaiello@stradley.com

    *Attorneys for Defendant,*
    *Gila LLC d/b/a Municipal Services Bureau*

# 3078932 v. 1





# NYSCEF - Nassau County Supreme Court
# Confirmation Notice

This is an automated response for Supreme Court / Court of Claims cases.  The NYSCEF site has received your electronically filed document(s) for:

### NOEMI HERNANDEZ - v. - GILA LLC et al

### 609930/2016

### Assigned Judge: None Recorded

## Documents Received on   05/10/2017 10:11 AM

| Doc # | Document Type | Motion # |
|---|---|---|
| 3 | NOTICE OF APPEARANCE (PRE RJI) | |
| | Does not contain an SSN or CPI as defined in 202.5(e) or 206.5(e) | |

## Filing User

Name:   **JACQUELINE MARIE MURATORE**

Phone #:                           E-mail Address:   **jaiello@stradley.com**

Fax #:                            Work Address:   **100 Park Ave Ste 2000**
**New York, NY 10017**

## E-mail Notifications

An e-mail notification regarding this filing has been sent to the following address(es) on 05/10/2017 10:11 AM :

**MURATORE, JACQUELINE MARIE - jaiello@stradley.com**

**PASHKIN, MITCHELL L - mpash@verizon.net**

**NOTE: If submitting a working copy of this filing to the court, you must include as a notification page firmly affixed thereto a copy of this Confirmation Notice.**

**Maureen O'Connell, Nassau County Clerk - http://www.nassaucountyny.gov/agencies/Clerk/index.html**
Phone: 516-571-2660     Website: http://www.nassaucountyny.gov/agencies/Clerk/index.html

**NYSCEF Resource Center - EFile@nycourts.gov**
**Phone: (646) 386-3033     Fax: (212) 401-9146     Website: www.nycourts.gov/efile**

Page 1 of  1

# **EXHIBIT D**

Case 2:17-cv-03961 Filed 06/30/17 Page 15 of 25 PageID #: 15

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

---

NOEMI HERNANDEZ,
ON BEHALF OF HERSELF AND ALL OTHERS     INDEX NO. 609930/2016
SIMILIARLY SITUATED,

Plaintiff,

-against-                **COMPLAINT**

GILA LLC
D/BA MUNICIPAL SERVICES BUREAU,

Defendant.

---

Plaintiff, Noemi Hernandez [hereinafter "Hernandez"] on behalf of herself and all others similarly situated, by and through her attorney, Mitchell L. Pashkin, Esq., complains of Defendant, Gila LLC d/b/a Municipal Services Bureau ("MSB"), and alleges as follows:

1. This is a proposed class action under Article 9 of the New York CPLR alleging violations of 15 U.S.C. § 1692, et. seq. ("Fair Debt Collection Practices" or "FDCPA").

2. This court has jurisdiction of this case pursuant to CPLR 301, CPLR 302(1), and/or 15 U.S.C. § 1692k(d).

3. Venue is proper per CPLR 503 and 509.

4. Hernandez is a natural person who resides at 43 Emerson Court, Westbury, NY 11590.

5. Hernandez is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

6. On or about December 18, 2015, MSB sent Hernandez the letter annexed as Exhibit A. Hernandez received and read Exhibit A. For the reasons set forth below, Hernandez's receipt and reading of Exhibit A deprived Hernandez of her rights to not be subject to abusive, deceptive, or misleading debt collection practices.

7. Per statements and references in Exhibit A, MSB sent Exhibit A to Hernandez in an attempt to collect a past due debt.

INDEX NO. 608830/2016

8.  Based upon Exhibit A setting forth that the debt is owed to Nassau County, NY EMS, a provider of medical services to individuals, and upon MSB, via Exhibit A, having attempted to collect this past due debt from Hernandez in her individual capacity, the past due debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

9.  Gila LLC is a Texas Domestic Corporation with a principal place of business located at 8325 Tuscany Way, Bldg. 4, Austin, TX  78754.

10. MSB is a private company wholly owned by Gila LLC.

11. Gila LLC conducts debt collection activities such as Exhibit A through MSB.

12. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs.

13. Gila LLC possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency"; and upon information and belief and based on Exhibit A referring to "New York City:  Permit #2020964 – DCA", Gila LLC's aforementioned license allows it to conduct debt collection activities through MSB.

14. On Exhibit A, MSB identifies itself as a "debt collector" attempting to collect a debt. Exhibit A contains disclosures required to be made by a "debt collector" under the FDCPA as part of a communication attempting to collect a 'debt" or in connection with the collection of a "debt".

15. Based upon Exhibit A and upon MSB through Gila LLC possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency", the principal purpose of MSB is the collection of debts using the instrumentalities of interstate

commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

16. Based upon the allegations in the above seven paragraphs, MSB is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

## FIRST CAUSE OF ACTION-CLASS CLAIM

17. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-16 of this Complaint.

18. Exhibit A sets forth a "Total Due" of $1346.18.

19. Exhibit A does not set forth that the "Total Due" of $1346.18 may increase due to interest, late charges, and/or other charges.

20. Since Exhibit A does not set forth that the "Total Due" of $1346.18 may increase due to interest, late charges, and/or other charges, "the least sophisticated consumer" could read Exhibit A as meaning that the "Total Due" of $1346.18 was static and that their payment of $1346.18 would satisfy the debt irrespective of when the payment was remitted.

21. NY CPLR 5001(a) provides as follows:

> "Interest shall be recovered upon a sum awarded because of a breach of performance of a contract, or because of an act or omission depriving or otherwise interfering with title to, or possession or enjoyment of, property, except that in an action of an equitable nature, interest and the rate and date from which it shall be computed shall be in the court's discretion."

22. "[A]n award of pre-decision or pre-verdict interest pursuant to CPLR 5001 on a damages award on a cause of action to recover damages in quantum meruit is mandatory, as it would be on a damages award on a cause of action to recover damages for breach of contract (*citations omitted*)". Tesser v. Allboro Equip. Co., 904 N.Y.S.2d 701, 73 A.D.3d 1023 (N.Y. App. Div., 2010) and Lee v. Joseph E. Seagram & Sons, Inc., 592 F.2d 39, 41 (C.A.2 (N.Y.),

1979).

23. Hernandez owed this past due debt under a theory of contract or quantum meruit and therefore NY CPLR 5001 is applicable to the past due debt set forth in Exhibit A.

24. NY CPLR 5001(b) provides as follows:

> "Interest shall be computed from the earliest ascertainable date the cause of action existed…"

25. As regards the past due debt set forth in Exhibit A, the creditor had a guaranteed right to interest on the "Total Due" of $1346.18 from the date of Exhibit A or an earlier date.  NY CPLR 5001 (a) and (b), Tesser v. Allboro Equip. Co., 904 N.Y.S.2d 701, 73 A.D.3d 1023 (N.Y. App. Div., 2010), and Lee v. Joseph E. Seagram & Sons, Inc., 592 F.2d 39, 41 (C.A.2 (N.Y.), 1979).

26. Based on the above, the "Total Due" of $1346.18 set forth in Exhibit A was not static. Instead, interest was in fact accruing on the "Total Due" of $1346.18 set forth in Exhibit A from the date of Exhibit A or earlier than the date of Exhibit A.

27. Based on the above, MSB or the creditor could seek the aforementioned interest that was accumulating after Exhibit A was sent but before the "Total Due" of $1346.18 set forth in Exhibit A balance was paid.

28. In the alternative, based on the above, the creditor could have sold Hernandez's debt to a third party and such third party could seek the interest that accumulated after Exhibit A was sent but before the "Total Due" of $1346.18 set forth in Exhibit A balance was paid.

29. Based on the above, since Exhibit A does not set forth that the "Total Due" of $1346.18 may increase due to interest, MSB violated 15 USC § 1692e and 15 USC § 1692g by sending Exhibit A to Hernandez.

## SECOND CAUSE OF ACTION-CLASS CLAIM

30. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-16 of this Complaint.

31. Exhibit A did not set forth what Hernandez would need to pay to resolve the debt at any given moment in the future, and did not set forth an explanation of any fees and interest that would cause the "Total Due" of $1346.18 to increase.

32. Exhibit A did not explain whether interest, or new fees or costs are accruing.

33. For the above reasons, Exhibit A did not set forth the amount of the "debt".

34. For the reasons set forth above and other reasons, as a result of sending Exhibit A to Hernandez, MSB violated 15 USC 1692g.

## THIRD CAUSE OF ACTION-CLASS CLAIM

35. Exhibit A set forth a "Total Due" of $1346.18.

36. Upon information and belief, any "Total Due" resulted from an agreement between Hernandez and Nassau County, NY EMS and/or was set forth in an invoice, bill or statement received by Hernandez from Nassau County, NY EMS.

37. Upon information and belief, the aforementioned agreement allowed Nassau County, NY EMS and any assignee or successor-in-interest to charge Hernandez interest, late charges, and/or other charges in addition to any "Total Due".

38. Upon information and belief, any aforementioned invoice, bill or statement set forth that Nassau County, NY EMS could charge Hernandez interest, late charges, and/or other charges in addition to any "Total Due". Any assignee or successor-in-interest of Nassau County, NY EMS would succeed to the rights of Nassau County, NY EMS based on any aforementioned invoice, bill or statement that set forth that Nassau County, NY EMS

could charge Hernandez interest, late charges, and/or other charges in addition to any "Total Due".

39. Any right based on any aforementioned agreement, invoice, bill or statement to charge Hernandez interest, late charges, and/or other charges in addition to any "Total Due" is not waived by Nassau County, NY EMS or any assignee or successor-in-interest as a result of a failure by either Nassau County, NY EMS or any assignee or successor-in-interest at any point in time to charge Hernandez interest, late charges, and/or other charges in addition to any "Total Due".

40. Exhibit A failed to notify Hernandez that her "Total Due" may increase due to interest, late charges, and/or other charges.

41. For the above reasons, as a result of the aforementioned omission from Exhibit A, MSB violated 15 USC § 1692e and 15 USC § 1692g as a result of sending Exhibit A to Hernandez.

## FOURTH CAUSE OF ACTION-CLASS CLAIM

42. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-16 of this Complaint.

43. Exhibit A amounted to an unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 USC 1692f, and/or 15 USC 1692f (1).

## FIFTH CAUSE OF ACTION-CLASS CLAIM

44. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-16 of this Complaint.

45. Exhibit A amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC 1692e, 15 USC 1692e(2)(A), 15 USC 1692e(10),

and 15 USC 1692e(14).

## CLASS ALLEGATIONS

46. Plaintiffs bring this action on behalf of a class, pursuant to NY CPLR Article 9.

47. The classes consist of:

I.    (a) all natural persons (b) who received a letter from MSB dated between December 18, 2015 and the present to collect a past due debt, (c) where, as regards the amount of the debt set forth in the letter, the letter set forth nothing beyond the current amount or balance of the past due debt or nothing beyond the amount or balance the individual currently had to pay the settle the debt;

II.   (a) all natural persons (b) who received a letter from MSB dated between December 18, 2015 and the present to collect an past due debt, (c) in a form materially identical or substantially similar to Exhibit A;

III.  (a) all natural persons (b) who received a letter from MSB dated between December 18, 2015 and the present to collect an past due debt due to the creditor to whom the debt is owed, (c) where, as regards the amount of the debt set forth in the letter, the letter set forth nothing beyond the current amount or balance of the past due debt or nothing beyond the amount or balance the individual currently had to pay the settle the debt; and/or

IV.   (a) all natural persons (b) who received a letter from MSB dated between December 18, 2015 and the present to collect an past due debt due to the creditor to whom the debt is owed, (c) in a form materially identical or substantially similar to Exhibit A.

48. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

49. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

50. The predominant common question is whether Defendant's letters violate the FDCPA.

51. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

52. A class action is the superior means of adjudicating this dispute.

53. Individual cases are not economically feasible.

**WHEREFORE**, Plaintiff requests the following relief:

1.  A Judgment against MSB in favor of Plaintiff and the class members for statutory damages in an amount to be determined at trial, and costs and attorney's fees; and

2.  Any and all other relief deemed just and warranted by this court.

Dated:          May 30, 2017

/s/ _____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 629-7709

Index No.   609930/2016

_____

NOEMI HERNANDEZ,
ON BEHALF OF HERSELF AND ALL OTHERS
SIMILIARLY SITUATED,

                    Plaintiff(s) ,

        -vs-

GILA LLC
D/B/A MUNICIPAL SERVICES BUREAU,

                    Defendant(s) .

_____

### COMPLAINT

_____

Mitchell L. Pashkin certifies that, to the best of his knowledge, information  and belief,  formed   after   an   inquiry reasonable under  the circumstances, the presentation  of  the annexed paper(s) or the contentions therein are not frivolous as defined in  22  NYCRR  130-1.1.(c).

/s/ _____
Mitchell L. Pashkin
Attorney For Plaintiff(s)
775 Park Avenue, Ste., 255
Huntington, NY  11743
(631) 629-7709

FILED: NASSAU COUNTY CLERK 05/30/2017 12:09 PM
NYSCEF DOC. NO. 40
INDEX NO. 609930/2016
RECEIVED NYSCEF: 05/30/2017



**MUNICIPAL SERVICES BUREAU**
PO BOX 16755
AUSTIN, TX 78761-6755
TOLL FREE: (800) 866-9436
AUSTIN, TX: (512) 371-7143

To make a payment online or receive additional information about your account, please visit us at www.msbselfserve.com

**HOURS OF OPERATION:**
MON - FRI: 7AM - 11PM CST
SAT: 8AM - 5PM CST



Get the Free App at http://gettag.mobi and scan this image to make your payment now.

Reference: 20619028
Dear NOEMI HERNANDEZ:

Date: December 18, 2015
Total Due: $1346.18

The total due represents an overdue balance owed to NASSAU COUNTY, NY EMS. We urge you to remit payment in full to the address below. Municipal Services Bureau, a private company, has been contracted by NASSAU COUNTY, NY EMS to help recover the debt owed.

NASSAU COUNTY, NY EMS is aware that you received an explanation of benefits and/or a reimbursement check from your insurance company for services rendered by NASSAU COUNTY, NY EMS. Please forward the insurance payment to Municipal Services Bureau and/or a copy of the explanation of benefits, as soon as possible.

You may also contact a representative at Municipal Services Bureau toll free at **1-800-866-9436**, if you would like to make a payment or If assistance is needed. This communication is from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose. If this is an individual account we may report information about your account to TransUnion, a national credit reporting agency.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing that you dispute this debt within 30 days from receiving this notice, this office will: obtain verification of the debt and mail you a copy of such verification; and provide you with the name and address of the original creditor if different from the current creditor.

| Creditor | Account # | For | Total | Due |
|----------|-----------|-----|-------|-----|
| NASSAU COUNTY, NY EMS | 295443 | EMS SERVICE | 1346.18 | 01/13/2015 |

**NOTICE: SEE REVERSE SIDE FOR IMPORTANT LEGAL RIGHTS AND INFORMATION**

**MSB ACCEPTS ALL MAJOR CREDIT CARDS, WESTERN UNION, MONEY GRAM AND ACE CASH EXPRESS.**

If you send us a check, it may be converted into an electronic funds transfer (EFT). This means we will copy your check and use the account information on it to electronically debit your account for the amount of the check. If the EFT cannot be completed because of insufficient funds, we may try to make the transfer up to two additional times and, if allowed by your state law, a fee will be assessed to your account for any dishonored check or money order presented as payment. The check will be held for 14 days to validate that the funds are available. For ACE Cash Express locations, visit http://www.acecashexpress.com/ or call 877-FINDACE.

*** DETACH LOWER PORTION AND RETURN WITH PAYMENT***
PLEASE INDICATE REFERENCE NUMBER ON YOUR CHECK OR MONEY ORDER

178CSMSBU60CLMNY



CSMSBU06
PO Box 1022
Wixom MI 48393-1022
CHANGE SERVICE REQUESTED



| | Card Number (SEE BELOW NOTICE) | Exp. Date | Security Code |
| | Cardholder Signature | | Billing Zip Code |
| | Phone or Alternate Phone | Total Due | Amt Paid |
| | | $1346.18 | |
| | City | State | Zip |

00206190280000134618 2

0CLMNY     8864804

NOEMI HERNANDEZ
43 Emerson Ct
Westbury NY 11590-4414

REMIT PAYMENTS AND CORRESPONDENCE TO:
MUNICIPAL SERVICES BUREAU
PO BOX 16755
AUSTIN TX 78761-6755



Reference Number: 20619028
Account Number: 295443

Federal Law

Unless you dispute the validity of this debt or any portion thereof, within thirty days after receipt of this notice, we shall assume the debt to be valid. If you notify us in writing of your dispute within this thirty-day period, we will: (1) obtain verification of the debt or a copy of a judgment against you; and (2) mail a copy of such verification or judgment to you. Upon your written request within the thirty-day period, we will provide you with the name and address of the original creditor if different from the current creditor.

New York City: Permit #2020964 - DCA

New York State:
We are required by regulation of the New York State Department of Financial Services to notify you of the following information. This information is NOT legal advice and is not a complete list of all of your legal rights. If you would like to learn more about your legal rights and options, you can consult an attorney or a legal assistance or legal aid organization.

Debt collectors, in accordance with the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq., are prohibited from engaging in abusive, deceptive, misleading and unfair debt collection efforts, including but not limited to:

- The use or threat of violence
- The use of obscene or profane language
- Repeated phone calls made with the intent to annoy, abuse, or harass

If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt:
1. Supplemental security income, (SSI);
2. Social security;
3. Public assistance (welfare);
4. Spousal support, maintenance (alimony) or child support;
5. Unemployment benefits;
6. Disability benefits;
7. Workers' compensation benefits;
8. Public or private pensions;
9. Veterans' benefits;
10. Federal student loans, federal student grants, and federal work study funds; and
11. Ninety percent of your wages or salary earned in the last sixty days.

You may discuss your account with this collection agency's call center manager, Nicholas Rodriguez, or any call center representative of this collection agency by calling 1-800-616-0166.

Municipal Services Bureau's Physical Address:

**Municipal Services Bureau**
**8325 Tuscany Way Building 4**
**Austin, Texas 78754-4734**